UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BERTHA COOPER : | |
| : | |
| Plaintiff, : | Civil Action No. 12-4531 (JAP) |
| : | |
| v. : | |
| : | |
| ELI LILLY AND COMPANY, : | |
| : | **OPINION** |
| Defendant. : | |

PISANO, District Judge

Plaintiff Bertha Cooper ("Plaintiff"), proceeding *pro se*, brings this action against Eli Lilly and Company ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Presently before the Court is Defendant's motion for summary judgment. In opposition to Defendant's motion, Plaintiff has filed only an unsigned document entitled "Plaintiff's Statement of Material Facts Dispute." The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1 For the reasons below, Defendant's motion is granted.

**I. STATEMENT OF FACTS**

The following facts are undisputed:

Plaintiff began her employment with Defendant[1] on November 10, 2008. She was employed as a Manufacturing Operator II in the Cell Culture department, where she was

---
[1] Plaintiff was initially employed by ImClone Systems Incorporated ("ImClone"), which, two weeks after Plaintiff was hired, was acquired by Defendant. Decl. of Amrit Mula ("Mula Decl.", attached Ex. B to Decl. of Thomas W. Carroll) ¶ 2

responsible for recording data, logging activities, and monitoring a partially automated process in order to manufacture material.  Pl. Dep. 33:18-34:23, 283:19-284:3, 287:7-14, Ex. 21 at 11-12.

In January 2010, Plaintiff made a number of mistakes that were documented by Defendant.  One such mistake occurred on January 18, 2010, and involved Plaintiff backdating a log entry.  Plaintiff later explained that she did not try to backdate the log, but rather that she mistakenly entered the wrong date, and she assured her superiors that she would be more careful entering dates that could appear to be backdating.  *Id.* at 209:1-211:7, and Ex. 15.

Between March 2011 and May 2011, Plaintiff violated certain polices and directives, including those pertaining to gowning procedures, documentation, and regulatory procedures.  *Id.* at Ex. 10; Mula Decl. ¶ 5, Exs. B-1 to B-4.  On June 6, 2011, Plaintiff met with her supervisor, Margarita Molina, and human resources representative Amrit Mula regarding these violations.  Mula Decl. ¶ 6.  At this meeting Plaintiff was informed that she would be receiving a warning and that continued failure to comply with GMP written procedures and documentation practices could result in further disciplinary action.  *Id.* at 196:15-197:2; Mula Decl. ¶ 7.

On June 15, 2011, Plaintiff received a "Verbal Written Warning" ("Warning"). *See* Mula Decl. ¶ 8.  The Warning referenced previous discussions regarding Plaintiff's lack of attention to detail, ability to follow written procedures, noncompliance with gowning, and work performance and noted how management had observed a further decline in Plaintiff's work performance. The Warning also described Plaintiff's policy violations between March 2011 and May 2011.  Finally, the Warning stated: "As a result of these recent violations, we are formally addressing this issue in a verbal written warning which will be placed in your

personnel file with Human Resources.  Continued failure to comply with GMP written procedures and documentation practices will result in further disciplinary action up to and including termination of employment." Pl. Dep. Ex. 10 at 1; see also Mula Decl. ¶ 8.  Plaintiff signed the Warning. Pl. Dep. Ex. 10 at 2.

On June 15, 2011, the same day she received the Warning, Plaintiff backdated a logbook.  Mula Decl. ¶¶ 11, 13; Pl. Dep. 219:22-237:6.  Plaintiff had failed to date a logbook at the end of her shift the day before, and when she realized it she informed her supervisor, Molina, of the error.  Mula Decl. ¶ 11; Pl. Dep. 219:22-237:6.  Molina suggested that Plaintiff backdate the log entry and Plaintiff did so.  Pl. Dep. 220-224.  On July 6, 2011, another employee in the department reported the backdating incident to Joseph Wypych, Director of Manufacturing.  Wypych reported the backdating event to Mula that same day.  Mula Decl. at ¶ 9.  When confronted by Mula, Plaintiff admitted to backdating the logbook and Plaintiff was placed on administrative leave.  *Id.* at ¶ 11.

Falsification of documents, which includes the backdating of logbooks, is considered misconduct that is grounds for termination of employment at Defendant.  Mula Decl. ¶ 14.  Upon reaching the conclusion that Plaintiff knowingly backdated the logbook, Mula, along with Wypych and the Associate Vice President of Manufacturing and Vice President for Biopharmaceutical Operations and Technical Services, decided to terminate Plaintiff's employment.  Mula Decl. ¶ 14.  Plaintiff was discharged on July 25, 2011 on the grounds of serious misconduct.  *Id.* at ¶ 15.  Molina was also terminated on July 25, 2011 for her role in the backdating incident.

On July 20, 2012, Plaintiff filed a complaint in this matter alleging that she was unlawfully terminated on the basis of her age, race and national origin.  After a period of discovery, Defendant filed the instant motion.

## II. ANALYSIS

A.  Summary Judgment Standard

Summary judgment is governed by Federal Rule of Civil Procedure 56, and is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Under Rule 56, a fact is material if it influences the outcome of the action under the governing substantive law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the nonmoving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n. 3 (3d Cir.1988).

The moving party bears the initial burden of proving that no genuine issue of material fact is in dispute. *Celotex*, 477 U.S. at 323.  Once the moving party has carried this burden, the non-moving party must present evidence that a genuine fact issue compels a trial. *Id.* at 324.  The non-moving party must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Its opposition must rest on "facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In determining whether there is a disputed material fact, "[t]he nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999)

(quoting *Anderson*, 447 U.S. at 255).  The Court shall not "weigh the evidence and determine the truth of the matter," but need only determine whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249.  If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court may grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

B.  Title VII Claims

When addressing employment discrimination claims under Title VII, the Court applies the familiar burden-shifting framework articulated in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).  Under this framework, a plaintiff must first establish a *prima facie* case of discrimination by demonstrating that: (1) she belongs to a protected class; (2) she was qualified for the position at issue; (3) she was subject to adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.  *Sarullo*, 352 F.3d at 797.

Once a *prima facie* case is established, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the [adverse employment action]." *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802).  If the employer meets this burden, the plaintiff then has the opportunity to show that the employer's proffered reason was merely a pretext for discrimination.  *Id.*

Here, Plaintiff's claim fails because she has not pointed to any evidence in the record that would establish her *prima facie* case.  Indeed, Plaintiff's response to Defendant's motion amounts to little more than bare assertions of discrimination.

Furthermore, even if Plaintiff were able to present a *prima facie* case, her claims nevertheless would fail because she has not provided any evidence that the reason given by Defendant for terminating Plaintiff was merely a pretext for discrimination.  Defendant has submitted evidence showing a legitimate, nondiscriminatory reason for Plaintiff's termination, namely, falsifying a logbook entry.  As such, the burden shifted to Plaintiff to respond with evidence showing that this proffered reason was pretextual.  Plaintiff, however, has failed to provide the Court with any such evidence whatsoever.

In sum, while Plaintiff may feel that her termination was unfair, she has not pointed the Court to any evidence in the record that from which a jury could find that her termination was unlawful.  Consequently, the Court grants Defendant's motion for summary judgment.

## III.  CONCLUSION

For the reasons above, Defendant's motion is granted.  An appropriate Order accompanies this Opinion.

        /s/ JOEL A. PISANO  
United States District Judge

Dated: June 12, 2014